Fabian Massey
521 N Avalon Blvd.
Apt# 212
Wilmington Ca. 90744
Home #(424) 386 - 6881
Cell# (424) 566 -1278
fabianmassey20@yahoo.com

FABIAN MASSEY, IN PRO PER

FILED
CLERK, U.S. DISTRICT COURT

MAY 1 3 2025

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION        BY DEPUTY

FEE DUE

## UINTED STATES DISTRICT COURT

FABIAN MASSEY,
             Plaintiff,

vs.

COUNTY OF LOS ANGELES, JAMES ROBINSON, TANISHA BASS, IXYA HERRA, TERRENCE MCNEAL, LIZETTE MCKENZIE , VIGEN BADALYAN, MICHEAL KONDERSHEFF, JANINE MCMILLION, SHANNON GORDON

Case No.: 2:25 CV-04304-SB-KLSx

**PLANTFF FABIAN MASSEY VERIFIED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

**DEMAND FOR JURY TRIAL**

## CENRAL DISTRICT OF CALIFORNIA/WEST DISTRICT

### I.   NATURE OF CASE

This case is a civil action seeking damages and relief against Defendants committing acts against plaintiff, FABIAN MASSEY (hereafter "Massey' or 'plaintiff'), a custodian, and for depriving Massey of rights secured by the United States Constitution and the California Constitution in violation of public policy of the United States of America and the State of California. This action is also brought by Massey for the unlawful conduct on the part of the above named Defendants, causing Massey to be subjected to discrimination based on age, race

1

and retaliation because Massey engaged in the protected activity of complaining about the discrimination directly to Defendant(s) County of Los Angeles Department of Human Resources and his supervisors and managers. Massey complained about being treated differently because age, race. He was discharged from his permanent position as custodian with malice oppression and fraud.

## II.   JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. section 451, 1331, 1337, 1343, and 1391. This action is authorized and instituted pursuant to 20 U.S.C. 1706 requiring the appropriate United States District Court to exercise jurisdiction. 42 U.S.C. section 1981, Civil Rights Act of 1991, as amended, states that employment and retaliation cases may be filed in the United States District Court. This Court has pendant jurisdiction over plaintiff's state claims, both administrative and common law, because they arise out of the same nucleus of common facts on which plaintiff's federal discrimination claims are based. Pursuant to 28 U.S.C.section 1367(s), federal courts have the discretion to adjudicate state-law claims that are transactionally related to the federal claims.

2. Plaintiff has suffered and continues to suffer actual injuries as a result of the intentional, malicious, and unlawful conduct on the part of the above- named defendants. The injuries can be traced to challenged action and conduct in this matter. Massey has a personal stake in the outcome of this action and hereby joins his request for recovery pursuant to  42 U.S.C. section 1981, the California Fair Employment and Housing Act ("FEHA"), i.e. the California Department of Fair Employment and Housing ("DFEH"), and the Equal Employment  Opportunity Commission ("EEOC"), along with the common laws of the State of California.. Plaintiff received his notice of right to sue from the EEOC notice. Attached as

Exhibit "A" is a true copy of the right to sue notice from the EEOC dated March 20, 2025. Attached as Exhibit "B" is a true copy of the Charge of Discrimination filed with the EEOC Dated August 29, 2024.

The verification is also attached after these exhibits.

3.    Additionally, jurisdiction is established because

a. Plaintiff resides within the jurisdiction of the United States District Court in and for the Central District of California.

b. County of Los Angeles is doing business within the jurisdiction of the United States District Court/Central District

## III.    THE PARTIES AND RELEVANT FACTS

4.    During the relevant time period, Plaintiff was a 46 year old Black American man who was employed as a custodian for the County of Los Angeles for over five years approximately. He was discharged from county service on October 3, 2023 for absenteeism, discourteous behavior and insubordination. Massey had no prior disciplinary complaints in his employment file.

5. James Robinson, Tanisha Bass, Halle Resch and Debra Carrillo made false statements about plaintiffs' being discourteous, insubordinate and failing to perform job duties. Massey was assigned duties outside the of scope of his duties each shift. Whenever Massey would receive an out of class assignment he would put supervisor Robinson on notice of the correct department who'd be responsible for the task Massey was assigned. Supervisor Robinson stated on occasion that it was always the "older Black guys that wanted to stick to the rules". Supervisor Robinson would follow up with stating "all that paperwork don't mean nothing Mr.

3

Massey" referring to company policy and the bargaining agreement.

6. These individual Defendants used Massey's referencing the County of Los Angeles' Disciplinary and Guidelines as a grounds for discharge. They also did not authorize Massey's payroll for several pay periods. Massey was informed by the payroll clerk that his payroll was being intentionally withheld by supervisor Robinson.When Massey brought this timecard fraud to the attention of Manager Halle Resch, Massey was placed on non disciplinary administrative leave. Tamney v. Atlantic Richfield Co., 610 P.2d 1330-1980 164 Cal. Rptr.839 . Love v. RE/MAX, 738 F.2d 383. Lewis v. Oklahoma ex rel. of Regents for Tulsa Community College, 42 Fed. Appex. 160. California Labor Code Section 1102.5(b) specifically prohibits employers from retaliating against employees for disclosing information that reveals a violation of the law.  This adverse employment action took place January 7th 2021. Plaintiff had made complaints as early as June of 2019 of age and race discrimination. Supervisor Robinson started to document the retaliation on January 26, 2020. Plaintiff complained of retaliation by excessive workload on May 13, 2020. Plaintiff's complaints where again recognized in an administrative investigative report in July of 2021. Massey's last protected class complaint was documented in August 14th of 2023. Plaintiff suffered an adverse employment act on October 3, of 2023 by being formally discharged from county service. None of the plaintiffs complaints were investigated.

7. Plaintiff had been considered a good employee with the Department of Health Services with the County of Los Angeles with a satisfactory evaluation of "competent" which means Plaintiff was capable of performing his job duties without supervision. Massey did not receive any bad faith disciplinary write ups or

excessive supervision and excessive workloads until Plaintiff complained to the County of Los Angeles Human Resources Department.

8. The excessive workload used against the Plaintiff was a pattern that demonstrated retaliation on the part of the Defendants. The Defendants documented accounts of Plaintiffs alleged failure to perform the duties for which Plaintiff was hired. However, whenever when others who were not Black American and who were not over the age of 40 years, those not in the protected classes were treated differently. Those outside of the protected classes received different or no discipline for the same alleged acts or even more grievous offenses of negligence.

9. It is indisputable that Plaintiff filed complaints regarding the disparate Treatment leveled against him. Plaintiff establishes that he not only engaged in protected activities under the County's Policy of Equity and the EEOC but also that he was subjected to adverse employment actions which negatively affected the terms, conditions, and privileges of his employment.

10. As a result of the total impact by the conduct of the Defendants and their agents, this plaintiff has suffered with regard to the conditions of his employment, work that included the responsibilities of other departments and mental, physical and financial well being just to name a few.

11. Defendant County of Los Angeles is a Health care provider and has over 500 employees. Plaintiff believes he was first discriminated against on or about May 26, 2019 after reporting supervisor Robinsons protected activity violation to the Department of Human Resources. Because of this complaint, his age and race Plaintiff was retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended: his age (46), in violation of the Age Discrimination in Employment Act of 1967, amended; along with Departments evidence of multiple false statements that were subsequently used for Plaintiffs'

5

wrongful discharge.

12. Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and, therefore, sues the Defendants by fictitious names.

13. Plaintiff will amend his Federal Complaint to allege the true names and capacities of the DOES when these are ascertained. Plaintiffs is informed and believes and thereon alleges that each of the fictitiously named Defendants are responsible in the same manner for the occurrences herein alleged, and that each fictitiously named Defendant is responsible for the violation of the Plaintiff's federal and state rights, and plaintiffs damages herein alleged were proximately caused by the conduct of such fictitiously named defendants.

14. Plaintiff is informed and believes and thereon alleges that, unless otherwise indicated, each Defendant was and is the agent and/or employee of every other Defendant acting outside the course of and scope of said agency and/ or employment and with knowledge and/or consent of said co-Defendant or co-Defendants.

## STATEMENT OF FEDERAL & STATE CLAIM
## FIRST CLAIM FOR RELIEF

(Violation Of Public Policy Against Wrongful Termination
In Violation of the Civil Rights Act of 1991, as Amended:
the California Constitution, Article I section 8; and the California
Government Code section 12940(a) for Race/National Origin Discrimination.)

15. The allegations and attachments set forth above in paragraph 1

6

through 14, inclusive, are incorporated into this claim for relief by references as if set forth in full.

16.   Plaintiff is an American man of Black descent working in a diverse department of the county. Plaintiff's immediate supervisors were (1) Black American and (1) Asian American.

17.   Plaintiff was retaliated against by supervisors who were not his immediate supervisors because he participated in opposing and complaining about the discriminatory treatment and criminal activity committed against him before being discharged. Plaintiff suffered post employment adverse action when a representative from the County of Los Angeles Dept. of Human Resources Performance Management Division, (Vigen Badalyan), opposed Plaintiffs unemployment benefits. Badalyans testimony at the California Unemployment Insurance Board hearing was pretextual in comparison to the reasons for discharge listed on the Departments reasons for discharge. O'Regan v. Arbitration Forum Inc. , Dishonest explanation. It's a lie rather than an error or oddity".

## STATEMENT OF FEDERAL CLAIM
## SECOND CLAIM FOR RELIEF

(Violation of the Civil Rights Act of 1866 [As Amended, 42 U.S.C. section 1981] Against All Defendants)

18.   The allegations and attachments set forth above in paragraph 1 through 17, inclusive, are incorporated into this claim for relief by reference as if set forth in full.

19.   Section 1981 provides that all persons within the jurisdiction of the United States must be afforded the same rights and the full and equal benefit of all laws and proceedings for the security of personal property enjoyed by white citizens regardless of race. Section 1981 covers discrimination not only in the

formation of a contract but also during the duration and life of the contract.

20. Plaintiff was harassed, bullied, unduly influenced, retaliated against, forced to perform the duties of other departments colluded against and received false and unfavorable documentation ultimately used to discharge because of the color of his skin and his race. No other employees were treated in the manner as the plaintiff. Baines v. Walgreens co. 863, F. 3d 656,664 Cir. 2017) cited, selective enforcement of disciplinary policies can be viewed as retaliation; Plaintiff stepped outside the boundaries of acceptable conduct on the part of Black Americans ( being uppity and exercising his right to complain about unlawful conduct, discriminates and retaliation) and, therefore, was denied the full benefits and privileges of his employment because he was Black American. Plaintiff, in the end, was wrongfully discharged from his permanent position as custodian for just over 5 years.

## STATEMENT OF STATE & FEDERAL CLAIM
## THIRD CLAIM FOR RELIEF

(Violation of the California Government Code section 12900, et seq. and the EEOC for Age Discrimination in Employment Against County of Los Angeles).

21. The allegations and attachments set forth above in paragraph 1 through 21, inclusive, are incorporated into this claim for relief by reference as is set forth full.

22.    Plaintiff is over the age of 40 years and has been discriminated against because of his age. He performed his job duties well with a good evaluation until Custodian Supervisor James Robinson, Senior Custodian Supervisor Jimmy Grisby, Assistant Hospital Administrator II Halle Resch, Performance Management Investigator Debra Carillo and Assistant Chief Investigator for the Performance management Unit Vigen Badalyan, willfully and knowingly retaliated and discriminated against Plaintiff and no one who is not Black American were discharged under similar circumstances.

## STATEMENT OF FEDERAL & STATE CLAIM
## FORTH CLAIM FOR RELIEF

(Violation of the EEOC for Unlawful Retaliation Against County of Los Angeles)

23.    The allegations and attachments set forth above in paragraph 1 through 22, inclusive, are incorporated into this claim for relief by reference as if set forth in full.

24.    Plaintiff is an American of Black American descent and worked in a department that was well diverse. However Plaintiff was being singled out according to the department because no other employees had been intentionally marked absent without pay for several pay periods. And because supervisor Robinson stated on occasion that it was the "older black men who wanted to stick to the rules", when Plaintiff would refer to company policy and job duties and descriptions.

25.    Plaintiff was retaliated against because he participated in and opposing, complaining about the discriminatory treatment against him before his discharge. Plaintiff engaged in the protected activity of complaining and opposing unlawful discrimination leveled against him. He thereafter suffered and subjected

9

to an adverse employment decision by the County of Los Angeles Department of Human Resources and its agents. C.A. v. William S. Hart Union High School District. (2012) 53 Cal. 4th 861 In it the California Supreme Court held that a claim against a public entity for negligent hiring, training, and supervision is legally tenable under Government Code section 815.2. The court also holds the plaintiff need not identify at the pleading stage the specific employees alleged to have been negligent. There was a causal link between the protected activity and the adverse action. Plaintiff was not only engaged in protected activities under EEOC and the County's Policy of Equity from the Department of Human Resources, but he was also subjected to adverse actions which led to and included discharge from county service.

## STATEMENT OF THE CLAIM
## FIFTH CLAIM FOR RELIEF

26.    Plaintiff realleges and incorporates herein by reference each and every allegation set forth in paragraph 1 through 25, inclusive, of this complaint as stated above.

27.    Plaintiff was harassed, retaliated against, unduly influenced, threatened with termination and discharged in major part because if his complaints, opposing, and protesting the discrimination against him based on race and age discrimination. The retaliation and harassment leveled against him were in violation of the California Equal Employment Opportunity Act.

28.    Defendants acted with (1) the intent to inflict the injury upon the plaintiff and (2) the realization that the injury of losing his job was to substantially certain to result from Defendants conduct, most especially because of Plaintiffs race/national origin. Plaintiff's emotional distress was and is now severe, substantial and enduring and was actually caused by Defendant's pervasive and

10

professionally fatal conduct. " If an employee believes that he or she has lost a job due to the unlawful purposes or means of at least two people, meaning that they were in agreement about how to harm that plaintiff with false information, a civil conspiracy suit may hold those people liable for their actions. Greta Nat. Life Ins. Co. v. Chapa, 377 S.W. 2d 632 (Tex. 1964).

29. As a direct and proximate result of Defendants' action against Plaintiff, as alleged above, Plaintiff has suffered special damages, including but not limited to loss of wages, bonuses, deferred compensation, the ability to promote, retirement funds and other employment benefits in an amount to be proven at the time of trial, in excess of the minimum jurisdictional requirements of this Court.

30. Unlike other similarly situated custodians in the Environmental Services Department for the County of Los Angeles, Defendants used Plaintiff's race/ethnic origin in order discriminate against him, placed him on a non-disciplinary leave of absence, told other employees in the Department he was suspended for threats to staff and would no longer be working for the County of Los Angeles.

31. As a further direct and proximate result of Defendants' unlawful discrimination against Plaintiff, as aforesaid, Plaintiff has sustained general damages for severe physical, mental, and emotional injuries, distress, harm and damages in an amount to be proven at the time of trial, in excess of the minimum jurisdictional requirements of this Court.

WHEREFORE, Plaintiff demands judgment which is more fully stated below.

## STATEMENT OF THE CLAIM
## SIXTH CLAIM FOR RELIEF

11

(Negligent Infliction of Emotional Distress Against All Defendants)

32.    Plaintiff realleges and incorporates herein by reference each and every allegation set forth in Paragraph 1 through 31, inclusive, of this complaint as stated above.

33.    Because of this special relationship between an employer and employee and the policy of the State If California to prevent prohibited racial and national-origin discrimination, age discrimination, retaliation and harassment in the workplace, these Defendants owed a duty to Plaintiff to provide a workplace free from racial, national-origin, age and retaliation discrimination against Plaintiff.

34.    County of Los Angeles breached its duty of care which was the proximate cause of the injuries suffered by Plaintiff because he is Black-American male over the age of 40years.

## STATEMENT OF STATE CLAIM
## SEVENTH CLAIM FOR RELIEF

(Defamation Against All Defendants )

35.    Plaintiff realleges and incorporates heron by reference each and every Allegation set forth in Paragraph 1 through 34, inclusive, of this complaint as stated above.

36.    At or around June 23, 2023, Plaintiff learned he was being labeled as insubordinate and and threat to staff and was to be discharged from county service after five years of good performance which was rated

12

Competent which means Plaintiff did not have to rely on supervision. He was discharged in humiliation because of the allegations were spread to other custodians, nurse and other staff at the County of Los Angeles Department of Human Resources by these Defendants regarding his alleged reasons for discharge and the need to immediately discharge Plaintiff. Plaintiffs colleagues were told and knew of the discharge and the reasons for the same.

37.   Plaintiff learned Defendants did not use progressive discipline as described by the Departments County Policy of Equity's Discipline Manual and Guidelines. Baines V. Walgreens Co., 863 F.3d 656,664 (7th Circuit.2017) " An employers unusual deviation from standard procedures can serve as circumstantial evidence of discrimination." Defendant County of Los Angeles Department of Human Resources deviated from its disciplinary policies when it discharged Plaintiff. The reason for discharge amounts to pretext. it is noted that the employer has the prerogative to establish its own unique disciplinary code and procedure, it must comply with standards of fairness set out in the Constitution of the RSA And the Labour Relations Act 66 of 1995 (LRA). This entails that in developing and enforcing the disciplinary code and procedure the minimum standards of fairness must be observed (Denel (Edms) (Bpk) v. Vorster 2004 (4) SA 181 (SCA)).

## PRAYER FOR RELIEF

1.   **Issue a permanent injunction on County of Los Angeles.**

2.   **Issue a declaration of rights declaring that Defendants' retaliatory**

conduct as alleged in the complaint violates both the laws of the United States in the EEOC and the laws of the State of California in the FEHA as alleged in this complaint.

3.  An award of monetary damages sufficient to fully compensate Massey for all losses he has suffered as a direct and proximate result of County of Los Angeles Department of Human Resources unequal, discriminatory, and retaliatory treatment of him.

4. An award of monetary damages to fully compensate Massey for the emotional trauma suffered by him, including damages for mental distress, emotional pain, loss of employment, loss of enjoyment of life, and other nonpecuniary losses.

5.  An award of monetary damages as mandated by civil rights laws, both federal and state.

6.  An award of monetary damages as mandated by the Fair Employment and Housing Act with a lodestar application.

7.  An award of costs, including attorneys' fees pursuant to California Code of Civil Procedure, section 1021.5 42 U.S.C., section 1988 and any other applicable statutes for attorneys' fees.

8. An award of costs, including attorneys' fees to cover all of Massey's actual costs.

9.  An award of punitive damages against all Defendants which includes ,James Robinson, Tanisha Bass, Vigen Badalyan, Lizette McKenzie,Terrence McNeal, Micheal Kondersheff, Ixya Herra, Janine McMillion,  and Shannon Gordon

10. An award of damages pursuant to other relevant provisions of law.

11. An award of such other and further relief as the Court considers proper

14

and just.

Date: _May 13 2025_          Signature _Felin Massey_

                             Print _Fabian Massey_

                             **Plaintiff in Pro Per**

15

# DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury this matter.

Date: May 13 2025          Signature _Fabian Massey_

Print _Fabian Massey_

16



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Los Angeles District Office
255 East Temple St. 4th Floor
Los Angeles. CA 90012
(213) 785-3090
Website:

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 03/20/2025

To: Fabian Massey
521 North Avalon Boulevard 212
WILMINGTON, CA 90744
Charge No: 480-2024-04080

EEOC Representative and email:    JOE HUANG-VALERIANO
Senior Investigator
JOE.HUANG-VALERIANO@EEOC.GOV

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By:Christine Park-Gonzalez
03/20/2025

Christine Park-Gonzalez
District Director

Cc:
Winnie Kwan
County of Los Angeles
500 W TEMPLE ST STE 588 KENNETH HAHN HALL OF ADMINISTRATION
Los Angeles, CA 90012


Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 480-2024-04080 to the

Enclosure with EEOC Notice of Closure and Rights (01 22)

District Director at Christine Park-Gonzalez, 255 East Temple St 4th Floor, Los Angeles, CA 90012.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 480-2024-04080 to the District Director at Christine Park-Gonzalez, 255 East Temple St 4th Floor, Los Angeles, CA 90012.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

Exhibit D

EEOC Form 5 (07/24)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974.
See attached Privacy Act Statement and other information before completing this form.

| CHARGE PRESENTED TO: | AGENCY CHARGE NO. |
|---|---|
| EEOC | 480-2024-04080 |
| California Civil Rights Department | |

Name (indicate Mr., Ms., Mrs., Miss, Mx., Dr., Hon., Rev.): Fabian Massey
Home Phone:      424-386-6881
Year of Birth:    1973
Street Address:   521 North Avalon Boulevard 212
WILMINGTON, CA 90744

Named below is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency that I believe discriminated against me or others.

Name: COUNTY OF LOS ANGELES DEPARTMENT OF HEALTH SERVICES

No. Employees, Members: 501+ Employees

Phone No.: (323) 914-5239

Street Address:   5701 S EASTERN AVE FL 4

COMMERCE, CA 90040

Name:

No. Employees, Members:

Phone No.:

Street Address:

DISCRIMINATION BASED ON:

Age, Race, Retaliation

DATE(S) DISCRIMINATION TOOK PLACE

Earliest: 01/06/2021

Latest: 10/03/2023

THE PARTICULARS ARE:

I.I was hired on or about August 16, 2018, and my last position was Custodian. In or around 2019, 2020, 2021, and August 2023, I made complaints to management and the Human Resources Department alleging race and age discrimination by several supervisors due to the excessive workload, timecard fraud, harassment, bullying, and retaliation. On or about January 6, 2021, I was placed on non-disciplinary administrative leave of absence. In or around June 2023, I was placed on disciplinary leave of absence and received a notice of intent to discharge. On or about October 3, 2023, I was discharged.

II.The reasons provided for my discharge were excessive absenteeism and discourteous behavior. However, Halle Resch, Performance Manager, initially informed me that she was placing me on leave after our discussion about James Robinson, Custodian Supervisor, committing timecard fraud.

III.I believe I have been discriminated against due to my race (African American) in violation of Title VII of the Civil Rights Act of 1964, as amended; age (Y.O.B. 1973), in violation of the Age Discrimination in Employment Act of 1967, as amended; and in retaliation for engaging in a protected activity.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

**Equal Employment Opportunity Commission**      Page 1 of 3
**Los Angeles District Office**
**Received August 29, 2024**

EEOC Form 5 (07/24)    _Fabian Moorey_    8·29·2024

Charging Party Signature & Date

NOTARY - When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information, and belief.

Signature of Complainant

Subscribed and sworn to before me this date: _____

**Equal Employment Opportunity Commission**
**Los Angeles District Office**
**Received August 29, 2024**