Franklin L. Ferguson, Jr., State Bar No. 170875
3580 Wilshire Boulevard, Suite #1732
Los Angeles, CA 90010-2534
(323) 936-4375; (323) 679-1064 (Facsimile)
franklin@franklinferguson.com

Attorney for Plaintiff, Fabian Massey

FRANKLIN L. FERGUSON, JR., ESQ.
3580 WILSHIRE BOULEVARD, SUITE 1732
LOS ANGELES, CALIFORNIA 90010-2534
TEL 323.936.4375• FAX 323.679.1064

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FABIAN MASSEY, an individual,<br><br>Plaintiff,<br><br>v.<br><br>LOS ANGELES COUNTY, a local public entity; JAMES ROBINSON, an individual; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:25-CV-04304-SB-KLSx<br><br>**SUPPLEMENTAL DECLARATION OF FRANKLIN L. FERGUSON, JR. IN SUPPORT OF PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE**<br><br>Hearing: July 24, 2026<br>Trial: August 10, 2026<br>Place: Courtroom 6C, the Hon. Stanley Blumenfeld, Jr., presiding |

1

**SUPPLEMENTAL DECLARATION OF FRANKLIN L. FERGUSON, JR. IN SUPPORT OF PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE**

**FRANKLIN L. FERGUSON, JR., ESQ.**
3580 WILSHIRE BOULEVARD, SUITE 1732
LOS ANGELES, CALIFORNIA 90010-2534
TEL 323.936.4375• FAX 323.679.1064

## <u>DECLARATION OF FRANKLIN L. FERGUSON, JR.</u>

I, Franklin L. Ferguson, Jr., declare:

1.      I am a solo-practice civil-rights attorney, licensed to practice in all courts of the State of California, including the U.S. District Court for the Central District of California. I am the attorney of record on behalf of Fabian Massey, Plaintiff. The facts contained herein are within my personal knowledge and belief. If called as a witness, I could and would testify thereto with competence.

2.      On Friday, July 10, 2026, I neglected to appear for the post settlement conference status conference. The failure to appear was my responsibility alone; I had a duty to be present and did not fulfill that duty. Plaintiff played absolutely no role in this failure. My absence did not reflect an affirmative legal tactic, strategy or position. Mine was not willful conduct. I made no attempt to deceive the Court. I have acknowledged the omission and apologized for it. In the event that the Court deems sanctions to be appropriate, I will pay them personally.

3.      It is my understanding that, at least in part, the Court's inclination towards the levying of sanctions against Plaintiff is due to the fact that my absence from the July 10, 2026 post settlement conference status conference resulted in a needless expenditure of time incurred by counsel for Defendants. In light of the circumstances below illustrated, however, I do not believe that sanctions against either Plaintiff or me, as Plaintiff's counsel, are warranted.

4.      On June 29, 2023 Plaintiff received a Notice of Intent to Discharge from Defendant County of Los Angeles ("County"). This Notice included several allegations lodged by County against Plaintiff. [Dkt. 1., p. 12, ¶49.]

5.      A *Skelly* hearing refers to the due process proceeding that is required for the protection of California civil servants' vested employee rights. When civil servant employees are subjected to serious levels of discipline, including suspension, reduction in pay and termination, a hearing must be held to confirm that

2

**SUPPLEMENTAL DECLARATION OF FRANKLIN L. FERGUSON, JR. IN SUPPORT OF PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE**

all applicable substantive and procedural rules have been properly applied to the employee's circumstances. *Skelly v. State Personnel Bd.,* 15 Cal. 3d 194 (1975). Plaintiff's *Skelly* hearing was held on August 30, 2023. [Dkt. 1. p. 13, ¶52.]

6.     Plaintiff Massey's official date of termination was October 3, 2023. [Dkt. 1. p. 13, ¶55.] On October 23, 2023, Mr. Massey filed his administrative appeal with the Civil Service Commission. [Dkt 73-1, p. 19.]

7.     Plaintiff's Civil Service Commission administrative appeal is an internal process, specifically germane to County employees. From its inception, Attorneys Sylvia Havens, Janine S. McMillion and other lawyers at McMillion & Hirtensteiner, LLP have represented County with respect to Plaintiff's Civil Service Commission administrative appeal. [Dkt. 69-1, p. 2, ¶3.]

8.     The Los Angeles County Civil Service Rules ("LACCR") govern civil service employee appeals to the Civil Service Commission. Discrimination and retaliation allegations must be affirmatively brought via invocation of Rule 25 of the Civil Service Commission Rules.  A true and correct copy of Rule 25 is attached, hereto, as "Exhibit B."

9.     The only issues adjudicated were those delineated in the Notice of Discharge Letter of October 3, 2023. "Plaintiff initiated the CSC process by appealing his discharge, asserting that it was retaliatory and based on fabricated evidence. Dkt. No. 73 at 19 of 68. The CSC certified only two issues for review: (1) whether the allegations in the County's notice of discharge—that Plaintiff made threats against his supervisors, engaged in a pattern of absenteeism, failed to meet performance requirements, and made false statements—are true, and (2) whether the discharge was appropriate." [Dkt, 86, p. 5.]

10.     Plaintiff's Civil Service Commission appeal did not include certification of any of Plaintiff's allegations of discrimination, retaliation or

FRANKLIN L. FERGUSON, JR., ESQ.
3580 WILSHIRE BOULEVARD. SUITE 1732
LOS ANGELES, CALIFORNIA 90010-2534
TEL 323.936.4375• FAX 323.679.1064

3

**SUPPLEMENTAL DECLARATION OF FRANKLIN L. FERGUSON, JR. IN SUPPORT OF PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE**

whistleblowing. This is because Plaintiff did not specifically invoke LACCR 25 within his appeal to the Civil Service Commission. [Dkt. 73-1.]

11. Even in the Joint Report Re Civil Service Proceedings, Defendants concede that no issues of discrimination under Rule 25 were certified to the Civil Service Commission: "The issues presently before the CSC are (1) whether the allegations contained in the Department's Notice of Discharge on October 3, 2023 are true and (2) whether the discipline is appropriate." [Dkt. 73, p. 2.]

12. On June 11, 2026, the Court directed the parties as follows: "No later than June 19, 2026, the parties shall file a joint report setting forth their respective positions. The report shall include: (1) a description of the claims and issues currently before the CSC; (2) a description of the issues actually litigated during the CSC proceedings to date; (3) copies of any hearing officer findings, recommendations, proposed decisions, remand orders, or other significant CSC rulings; (4) a description of the issues presently pending before the CSC following any remand; (5) a claim-by-claim analysis identifying which causes of action asserted in the second amended complaint each party contends are implicated by the CSC proceedings; and (6) the parties' respective positions regarding the applicability of Page and any other authority on which they rely."

13. Megan Lieber, of Collins and Collins, LLP, serves Defendants' counsel in the instant case. According to ¶2 of her May 29, 2026 Declaration, Ms. Lieber was aware of the fact that Plaintiff had administratively appealed his termination through the Civil Service Commission. The only question for Defendants' attorneys at Collins and Collins, LLP was whether the Civil Service proceedings had concluded:

> "At the time I received the assignment to provide a defense for County Defendants in this matter from County in or around August 2025, it was my understanding and belief that Plaintiff's proceedings before the Civil Service

FRANKLIN L. FERGUSON, JR., ESQ.
3580 WILSHIRE BOULEVARD.  SUITE 1732
LOS ANGELES,  CALIFORNIA  90010-2534
TEL 323.936.4375• FAX 323.679.1064

4

**SUPPLEMENTAL DECLARATION OF FRANKLIN L. FERGUSON, JR. IN SUPPORT OF PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE**

Commission ("CSC") was final. It was not until approximately May 21, 2026 that I learned the proceedings have not been completed and a final decision has not yet been rendered by the CSC."

[Dkt. 69-1, p. 2, ¶3.]

14. On May 13, 2025, Plaintiff filed this case in *pro per*. [Dkt. 1.]

15. On July 30, 2025, Attorney Sylvia Havens of McMillion & Hirtensteiner, LLP, the same law firm representing County in the Civil Service Commission administrative appeal, filed a Motion to Dismiss the Complaint [Dkt. 15.] and the July 30, 2025 Motion to Strike to the Complaint. [Dkt. 16.]

16. On August 14, 2025, Attorney Megan Lieber of Collins and Collins, LLP filed a Motion to Dismiss the Complaint on behalf of Defendants. At the time that this motion was filed, McMillion & Hirtensteiner, LLP was still the counsel of record on behalf of the County. I believe that that such coordination of effort, between two independent law firms would not have been possible without Attorney Lieber of Collins and Collins, LLP having been in direct communication with lawyers at McMillion & Hirtensteiner, LLP.

17. On August 27, 2025, Attorney Lieber of Collins and Collins LLP filed a request for substitution of counsel on behalf of Defendants County and Robinson. That same day, the Court ordered Defendants' counsel, Attorney Lieber, to file a statement, not later than August 28, 2025, certifying that the substitution request would not cause any case delay in the prosecution of this case. Defendants' counsel filed the statement on August 29, 2025. [Dkt. 23, 24 and 28.]

18. As aforementioned, according to Ms. Lieber, counsel for County believed that the Civil Service Commission appeal process "was final" in August of 2025, when Ms. Lieber and her firm accepted the representation assignment. Given this belief in the "final nature" of Plaintiff's Civil Service Commission appeal, coupled with the fact that Plaintiff's employment with County had not been

FRANKLIN L. FERGUSON, JR., ESQ.
3580 WILSHIRE BOULEVARD. SUITE 1732
LOS ANGELES, CALIFORNIA 90010-2534
TEL 323.936.4375• FAX 323.679.1064

5

**SUPPLEMENTAL DECLARATION OF FRANKLIN L. FERGUSON, JR. IN SUPPORT OF PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE**

reinstated, Ms. Lieber must necessarily have concluded that Plaintiff's "final" Civil Service Commission appeal had been unsuccessful.

19. Having concluded that Plaintiff's Civil Service Commission appeal had failed, it would have been reasonable for Defendants' counsel at Collins and Collins LLP to include within the August 14, 2025 Motion to Dismiss an argument that the Civil Service Commission findings should collaterally estop those portions of the operative complaint implicated by the "final" Civil Service Commission appeal decision. [Dkt. 19.] No such argument was included within the August 14, 2025 Motion to Dismiss.

20. I agreed to represent Plaintiff and filed Notice of Appearance on November 11, 2025. [Dkt. 49.]

21. Defendants filed a motion to dismiss on December 1, 2025, three (3) days subsequent to the responsive pleading (answer) deadline. [Dkt. 52.] This filing did not comply with Local Rule 7-3. Defendants failed to include a declaration setting forth at a minimum the dates the conference between the parties took place and the position each party adopted with respect to each of the disputed issues subject to the motion. The Court ordered Defendants to file a declaration that fully complies with L.R. 7-3 by December 3, 2025 or their motion to dismiss would be summarily denied. [Dkt. 53.]

22. On December 3, 2025, counsel for Defendants filed a Declaration in response to the Court's December 1, 2025 Order. [Dkt. 55.]

23. On December 4, 2025, the Court indicated that Defendants' December 3, 2025 declaration again demonstrated failure to comply with both L.R. 7-3 (requiring the parties to confer at least seven days prior to filing a motion) and the Court's standing order (requiring meet and confers to take place either in person or by videoconference). The Court found that the parties failed to discuss most of the issues set forth in the motion. Defendants ultimately agreed to withdraw one of their

FRANKLIN L. FERGUSON, JR., ESQ.
3580 WILSHIRE BOULEVARD, SUITE 1732
LOS ANGELES, CALIFORNIA 90010-2534
TEL 323.936.4375• FAX 323.679.1064

6

**SUPPLEMENTAL DECLARATION OF FRANKLIN L. FERGUSON, JR. IN SUPPORT OF PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE**

arguments for dismissal. The Court observed that this scenario could have been avoided had there been a proper meet and confer before the December 1, 2025 motion to dismiss filing. [Dkt. 55, pp. 3-4.]

24.     On December 4, 2025, the Court noted that both parties had failed to file declarations on or before December 10, 2025 , as ordered. Per the notes from Docket 56, "This is not the first time the parties have failed to comply with orders. (see Dkt. 38, 39) The Court ordered counsel for each side to file a declaration by December 10, 2025 addressing why an OSC re sanctions should not be issued, including monetary sanctions and striking the motion per L.R. 7-3 and the Court's standing order section 6(a)(iii). If the OSC was issued, it was to be heard on December 19, 2025. [Dkt. 56.]

25.     I interpreted the Court's December 4, 2025 Order to direct Plaintiff to file a declaration by December 10, 2025 **only** in the event that Plaintiff believed an order to show cause (OSC) re sanctions should **not** be issued, including monetary sanctions and striking the motion per Local Rule 7-3 and the Court's standing order § 6(a)(iii). Because I understood the failure to comply with Local Rule 7-3 to have been solely the responsibility of the moving Defendants, and because I believed that the December 1, 2025 motion to dismiss should indeed have been stricken, I did not submit a declaration.

26.     On December 11, 2025, the Court indicated that both parties had failed to file declarations as ordered, addressing why an OSC should not issue for their failure to meet and confer on Defendants motion to dismiss. The Court declined to issue an OSC in light of the stipulation to withdraw the motion but counsel were warned that continued failure to comply with Court orders and local rules would result in the issuance of an OSC and possible sanctions. [Dkt. 65.]

27.     On May 27, 2026, I deposed Defendant James Robinson and Ms.

FRANKLIN L. FERGUSON, JR., ESQ.
3580 WILSHIRE BOULEVARD. SUITE 1732
LOS ANGELES, CALIFORNIA 90010-2534
TEL 323.936.4375• FAX 323.679.1064

**SUPPLEMENTAL DECLARATION OF FRANKLIN L. FERGUSON, JR. IN SUPPORT OF PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE**

Tanisha Bass. On May 29, 2026, the last day for Discovery, Defendants filed an *ex parte* application for a stay. I filed an opposition to the ex parte on June 1, 2026. I expended 12.40 hours in preparing the Opposition.

28.     On June 11, 2026, the Court issued an Order, deferring the ruling on Defendants' *ex parte* application for a stay. The parties were ordered to meet and confer, then to file a joint report setting forth their respective positions by June 19, 2026. "The report shall include: (1) a description of the claims and issues currently before the CSC; (2) a description of the issues actually litigated during the CSC proceedings to date; (3) copies of any hearing officer findings, recommendations, proposed decisions, remand orders, or other significant CSC rulings; (4) a description of the issues presently pending before the CSC following any remand; (5) a claim-by-claim analysis identifying which causes of action asserted in the second amended complaint each party contends are implicated by the CSC proceedings; and (6) the parties' respective positions regarding the applicability of Page and any other authority on which they rely.

29.     In response to the Court's June 11, 2026 Order, Defendants specifically acknowledged that the Civil Service Commission Hearing Officer did not consider a closing brief from Plaintiff, because Plaintiff had submitted said brief on March 17, 2025, after the March 13, 2025 deadline. [Dkt. 73, p. 2, footnote 1.]

30.     Despite this knowledge, in response to the Court's June 11, 2026 Order, Defendants included the following information within the Declaration of Andrew M. Medina in Support of Joint Report Re Civil Service Proceedings: "Exhibit 2 is Fabian Massey's Closing Brief to the CSC." [Dkt. 73-1, p. 2.]

31.     The inclusion of Plaintiff's Closing Brief was inappropriate. Plaintiff's closing brief was not considered by the Hearing Officer. Plaintiff's Closing Brief also contained Plaintiff's attempts to insert allegations of discrimination and retaliation, issues which were not certified and, accordingly, never considered by the

FRANKLIN L. FERGUSON, JR., ESQ.
3580 WILSHIRE BOULEVARD, SUITE 1732
LOS ANGELES, CALIFORNIA 90010-2534
TEL 323.936.4375• FAX 323.679.1064

8

**SUPPLEMENTAL DECLARATION OF FRANKLIN L. FERGUSON, JR. IN SUPPORT OF PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE**

Hearing Officer. Presenting Plaintiff's Closing Brief, accordingly, was an action that could have *deceived* the Court, leading to the improper conclusion that Plaintiff's discrimination and retaliation grievances had been adjudicated before the Civil Service Commission.

32.    I believe that this inclusion of Plaintiff's Closing Brief was, at minimum, confusing. It is also reasonable to assert that Defendants' inclusion of Plaintiff's Closing Brief was intended to influence the Court's decision regarding the requested stay.  If the latter is deemed to be true, it was deceptive. An Order to Show Cause would provide an opportunity for Defendants' counsel to clarify.

33.    On July 10, 2026, the Court denied Defendants' ex parte application for a stay. [Dkt. 86.]

34.    On July 15, 2026,  the Court issued an Order striking Defendants' motions *in limine* for failure to comply with the Court's standing order. The Court notes that Defendants have engaged in a pattern of noncompliant motion practice. They are cautioned that continued failure to comply with Court orders will result in an OSC re sanctions. [Dkt. 85.]

I declare under penalty of perjury, that the foregoing is true and correct. Signed this 27th of July, 2026.

By: Franklin L. Ferguson, Jr.

FRANKLIN L. FERGUSON, JR., ESQ.
3580 WILSHIRE BOULEVARD. SUITE 1732
LOS ANGELES, CALIFORNIA 90010-2534
TEL 323.936.4375• FAX 323.679.1064

9

**SUPPLEMENTAL DECLARATION OF FRANKLIN L. FERGUSON, JR. IN SUPPORT OF PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE**

FRANKLIN L. FERGUSON, JR., ESQ.
3580 WILSHIRE BOULEVARD, SUITE 1732
LOS ANGELES, CALIFORNIA 90010-2534
TEL 323.936.4375• FAX 323.679.1064

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and am not a party to the within action. My business address is: 3580 Wilshire Boulevard, Suite #1732, Los Angeles, California 90010-2534.

On July 27, 2026, I served the foregoing document, described as:

**SUPPLEMENTAL DECLARATION OF FRANKLIN L. FERGUSON, JR. IN SUPPORT OF PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE.**

The above-referenced document was served on the interested parties in this action addressed as follows:

Tomas A. Guterres, SBN 152729
tguterres@ccllp.law
Megan K. Lieber, SBN 272413
mlieber@ccllp.law
Andrew M. Medina, SBN 358288
amedina@ccllp.law
Collins + Collins LLP
790 East Colorado Boulevard, Suite 600
Pasadena, California 91101

[X]   **(BY ELECTRONIC MAIL)** I caused a true and correct copy of the aforementioned document to be forwarded, via electronic mail, to the addressee(s) referenced above.

[X]   **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on July 27, 2026, at Los Angeles, California.

*/s/ Franklin L. Ferguson, Jr.*
FRANKLIN L. FERGUSON, JR.

10

**SUPPLEMENTAL DECLARATION OF FRANKLIN L. FERGUSON, JR. IN SUPPORT OF PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE**