**Tomas A. Guterres, Esq. (State Bar No. 152729)**
**Megan K. Lieber, Esq. (State Bar No. 272413)**
**Andrew M. Medina, Esq. (State Bar 358288)**
**790 E. Colorado Boulevard, Suite 600**
**Pasadena, CA 91101**
**(626) 243-1100**
**Email: tguterres@ccllp.law**
**Email: mlieber@ccllp.law**
**Email: amedina@ccllp.law**

Attorneys for Defendants,
COUNTY OF LOS ANGELES and JAMES ROBINSON

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA -

## WESTERN DIVISION

| | |
|---|---|
| FABIAN MASSEY,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF LOS ANGELES, JAMES ROBINSON, TANISHA BASS, IXYA HERRA, TERRENCE MCNEAL, LIZETTE MCKENZIE, VIGEN BADALYAN, MICHAEL KONDERSHEFF, JANINE MCMILLION, SHANNON GORDON,<br><br>Defendants. | CASE NO. 2:25-cv-04304-SB-KLSx<br>***Assigned to Hon. Stanley Blumenfeld, Jr. in Dept. Courtroom 6C***<br><br>**PROPOSED JOINT JURY INSTRUCTIONS**<br><br>**Complaint Filed:   5/13/2025**<br>**Trial Date:        8/10/2026** |

PLEASE TAKE NOTICE that the parties hereby submit the following proposed joint jury instructions.

27813

**PROPOSED JOINT JURY INSTRUCTIONS**

COLLINS + COLLINS LLP
790 E. Colorado Blvd., Suite 600,
Pasadena, CA 91101
T: (626) 243-1100

## PRELIMINARY INSTRUCTIONS

### 1.    DUTY OF JURY

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

At the end of the trial, I will give you final instructions. It is the final instructions that will govern your duties.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

### 2.    CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The Plaintiff asserts that Defendants subjected Plaintiff to hostile environment race and age discrimination, at the hands of a supervisor. Plaintiff also alleges that when he complained about being made to work outside of his assigned job classifications, Defendants immediately retaliated against him, culminating in a wrongful termination. The plaintiff has the burden of proving these claims.

The defendant denies those claims and also contends that Defendant had legitimate reasons for Plaintiff's discharge, Defendant had just cause to discharge Plaintiff based on Plaintiff's violations of Defendant's policies and procedures, Defendant's decision to discharge Plaintiff was motivated by a lawful reason, Plaintiff failed to mitigate his damages, Plaintiff's damages are speculative, Plaintiff's acts

*27813*

**PROPOSED JOINT JURY INSTRUCTIONS**

**COLLINS + COLLINS** LLP
790 E. Colorado Blvd., Suite 600,
Pasadena, CA 91101
T: (626) 243-1100

and/or omissions caused his damages, Plaintiff failed to take advantage of corrective opportunities, the damages complained of by Plaintiff were avoidable, and Defendant adequately prevented discrimination, harassment, and retaliation.  The defendant has the burden of proof on these affirmative defenses.

## 3.    BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

## 4.    WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

(1)    the sworn testimony of any witness;

(2)    the exhibits that are admitted into evidence;

(3)    any facts to which the lawyers have agreed; and

(4)    any facts that I may instruct you to accept as proved.

## 5.    WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1)    Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

27813

3

**PROPOSED JOINT JURY INSTRUCTIONS**

**COLLINS + COLLINS** LLP
790 E. Colorado Blvd., Suite 600,
Pasadena, CA 91101
T: (626) 243-1100

(2)     Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition, some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

(4)     Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## 6.     DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

## 7.     RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

27813

COLLINS + COLLINS LLP
790 E. Colorado Blvd., Suite 600,
Pasadena, CA 91101
T: (626) 243-1100

4

**PROPOSED JOINT JURY INSTRUCTIONS**

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

## 8.    EVIDENCE IN ELECTRONIC FORMAT

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer, projector, printer, and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits. You will also be provided with a paper list of all exhibits received in evidence. You may request a paper copy of any exhibit received in evidence by sending a note through the [clerk] [bailiff]. If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the [clerk] [bailiff], signed by your foreperson or by one or more members of the jury. Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with [the clerk] [the bailiff] present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any nonjuror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any nonjuror other than to describe the technical problem or to seek information about operation of the equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database,

27813

COLLINS + COLLINS LLP
790 E. Colorado Blvd., Suite 600,
Pasadena, CA 91101
T: (626) 243-1100

**PROPOSED JOINT JURY INSTRUCTIONS**

directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing such materials. Do not remove the computer or any electronic data [disk] from the jury room, and do not copy any such data.

## 9.    CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)    the opportunity and ability of the witness to see or hear or know the things testified to;

(2)    the witness's memory;

(3)    the witness's manner while testifying;

(4)    the witness's interest in the outcome of the case, if any;

(5)    the witness's bias or prejudice, if any;

(6)    whether other evidence contradicted the witness's testimony;

(7)    the reasonableness of the witness's testimony in light of all the evidence; and

(8)    any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

27813

**PROPOSED JOINT JURY INSTRUCTIONS**

COLLINS + COLLINS LLP
790 E. Colorado Blvd., Suite 600,
Pasadena, CA 91101
T: (626) 243-1100

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

## 10.    CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, the platform "X" formerly known as Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if

27813

**PROPOSED JOINT JURY INSTRUCTIONS**

COLLINS ✛ COLLINS LLP
790 E. Colorado Blvd., Suite 600,
Pasadena, CA 91101
T: (626) 243-1100

you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.Because you will receive all the evidence and legal instruction you properly may consider to return a verdict:  do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it[, although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use the internet or any other resource to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved— including the parties, the witnesses, or the lawyers— until you have been excused as jurors.  If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, requiring the entire trial process to start over.  If

*27813*

**PROPOSED JOINT JURY INSTRUCTIONS**

**COLLINS + COLLINS** LLP
790 E. Colorado Blvd., Suite 600,
Pasadena, CA 91101
T: (626) 243-1100

any juror is exposed to any outside information, please notify the court immediately, by sending a note through the bailiff signed by any one or more of you.

## 11.    NO TRANSCRIPT AVAILABLE TO JURY

I urge you to pay close attention to the trial testimony as it is given.  During deliberations you will not have a transcript of the trial testimony.

## 12.    TAKING NOTES

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let note taking distract you.  When you leave, your notes should be left in the courtroom.  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of other jurors.

## 13.    QUESTIONS TO WITNESSES BY JURORS DURING TRIAL

Only the lawyers and I are allowed to ask questions of witnesses.  A juror is not permitted to ask questions of witnesses.  If, however, you are unable to hear a witness or a lawyer, please raise your hand and I will correct the situation.

## 14.    BENCH CONFERENCES AND RECESSES

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.

*27813*

COLLINS + COLLINS LLP
790 E. Colorado Blvd., Suite 600,
Pasadena, CA 91101
T: (626) 243-1100

9

**PROPOSED JOINT JURY INSTRUCTIONS**

Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**15.   OUTLINE OF TRIAL**

Trials proceed in the following way:  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine.  Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

**16.   CAUTIONARY INSTRUCTIONS**

At the End of Each Day of the Case:

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom.  This means that, after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case.  This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers.  You also must not communicate with anyone, in any way, about this case.  And you must ignore any information about the case that you might see while browsing the internet or your social media feeds.

At the Beginning of Each Day of the Case:

As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented

*27813*

**PROPOSED JOINT JURY INSTRUCTIONS**

COLLINS + COLLINS LLP
790 E. Colorado Blvd., Suite 600,
Pasadena, CA 91101
T: (626) 243-1100

here.  So you must not learn any additional information about the case from sources outside the courtroom.  To ensure fairness to all parties in this trial, I will now ask each of you whether you have learned about or shared any information about this case outside of this courtroom, even if it was accidental.

If you think that you might have done so, please let me know now by raising your hand. [Wait for a show of hands].  I see no raised hands; however, if you would prefer to talk to the court privately in response to this question, please notify a member of the court's staff at the next break.  Thank you for your careful adherence to my instructions.

**FINAL INSTRUCTIONS**

**1.    DUTY OF JURY**

Members of the Jury:  Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

27813

**PROPOSED JOINT JURY INSTRUCTIONS**

## 2.    BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

## 3.    DUTY TO DELIBERATE

Before you begin your deliberations, elect one member of the jury as your presiding juror.  The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## 4.    CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do

*27813*

**PROPOSED JOINT JURY INSTRUCTIONS**

**COLLINS + COLLINS** LLP
790 E. Colorado Blvd., Suite 600,
Pasadena, CA 91101
T: (626) 243-1100

with it. This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, the platform "X" formerly known as Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court. Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it[, although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses, or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process.

27813

COLLINS + COLLINS LLP
790 E. Colorado Blvd., Suite 600,
Pasadena, CA 91101
T: (626) 243-1100

13

**PROPOSED JOINT JURY INSTRUCTIONS**

Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

**5. COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

**6. USE OF INTERROGATORIES**

Evidence was presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

**7. USE OF REQUESTS FOR ADMISSION**

Evidence was presented to you in the form of admissions to the truth of certain

*27813*

**PROPOSED JOINT JURY INSTRUCTIONS**

**COLLINS + COLLINS** LLP
790 E. Colorado Blvd., Suite 600,
Pasadena, CA 91101
T: (626) 243-1100

facts.  These admissions were given in writing before the trial, in response to requests that were submitted under established court procedures.  You must treat these facts as having been proved.

**8.      READBACK OR PLAYBACK**

Because a request has been made for a readback of the testimony of [*witness's name*] it is being provided to you, but you are cautioned that all readbacks run the risk of distorting the trial because of overemphasis of one portion of the testimony. Therefore, you will be required to hear all the witness's testimony on direct and cross-examination, to avoid the risk that you might miss a portion bearing on your judgment of what testimony to accept as credible. The readback could contain errors.  The readback cannot reflect matters of demeanor, tone of voice, and other aspects of the live testimony.   Your recollection and understanding of the testimony controls. Finally, in your exercise of judgment, the testimony read cannot be considered in isolation but must be considered in the context of all the evidence presented.

**9.      CIVIL RIGHTS—TITLE VII—"ADVERSE EMPLOYMENT ACTION" IN DISPARATE TREATMENT CASES**

An action is an adverse employment action if it materially affects the compensation, terms, conditions, or privileges of employment.

**10.     CIVIL    RIGHTS—TITLE    VII—DISPARATE    TREATMENT— "BECAUSE OF" DEFINED**

"Because of" means "by reason of" or "on account of." This is sometimes referred to as "but-for causation." This form of causation is shown whenever a particular outcome would not have happened "but for" the purported cause. It is a reason without which the discharge would not have occurred.

A but-for test directs us to change one thing at a time and see if the outcome changes. If it does, we have found a "but-for cause." Often, events have multiple but-for causes. For example, if a car accident occurred both because the defendant ran a red light

*27813*

**PROPOSED JOINT JURY INSTRUCTIONS**

COLLINS + COLLINS LLP
790 E. Colorado Blvd., Suite 600,
Pasadena, CA 91101
T: (626) 243-1100

and because the plaintiff failed to signal his turn at the intersection, we might call each a "but-for cause" of the collision.

In the context of this claim, a defendant cannot avoid liability just by citing some other factor that contributed to the challenged employment decision. So long as the plaintiff's age, race, and/or protected activity was one but-for cause of that decision, that is enough to trigger the law. A "but-for cause" does not mean the sole cause or even a primary cause.

## 11. AGE DISCRIMINATION-DISPARATE TREATMENT-ELEMENTS AND BURDEN OF PROOF

The Plaintiff has brought a claim of employment discrimination against the Defendant County of Los Angeles. The Plaintiff asserts the Defendant County of Los Angeles gave Plaintiff an assignment outside of the duties assigned to Plaintiff's job classification.

The Defendant County of Los Angeles denies that the Plaintiff was given an assignment outside of the duties assigned to Plaintiff's job classification and further asserts the decision to assign the duties to the plaintiff Fabian Massey was based on lawful reasons.

To prevail on this claim, the Plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

First, the Defendant County of Los Angeles assigned to Plaintiff duties outside Plaintiff's job classification;

Second, Plaintiff was 40 years of age or older at the time he was given the out of job classification duties; and

Third, the Defendant County of Los Angeles assigned to Plaintiff the outside of job classification duties because of his age, that is, the Defendant County of Los Angeles would not have assigned the out of job classification duties to Plaintiff, but for his age.

*27813*

**PROPOSED JOINT JURY INSTRUCTIONS**

COLLINS + COLLINS LLP
790 E. Colorado Blvd., Suite 600,
Pasadena, CA 91101
T: (626) 243-1100

If you find that the Plaintiff has proved all three of these elements, your verdict should be for the Plaintiff. If, on the other hand, the Plaintiff has failed to prove any of these elements, your verdict should be for the Defendant County of Los Angeles.

**12. AGE DISCRIMINATION—DISPARATE TREATMENT—ESSENTIAL FACTUAL ELEMENTS**

Plaintiff claims that Defendant County of Los Angeles wrongfully discriminated against him because of his age. To establish this claim, Plaintiff must prove all of the following:

1. That Defendant County of Los Angeles was an employer;

2. That Plaintiff was an employee of Defendant County of Los Angeles;

3. That Defendant County of Los Angeles discharged Plaintiff;

4. That Plaintiff was age 40 or older at the time of the discharge;

5. That Plaintiff's age was a substantial motivating reason for Defendant County of Los Angeles' decision to discharge Plaintiff;

6. That Plaintiff was harmed; and

**7.** That Defendant County of Los Angeles' conduct was a substantial factor in causing Plaintiff's harm.

**13. AGE DISCRIMINATION DEFENSES-REASONABLE FACTOR OTHER THAN AGE**

The defendant County of Los Angeles contends that its assignment of out of class duties to Plaintiff Fabian Massey is based on a reasonable factor other than the plaintiff Fabian Massey's age. The defendant County of Los Angeles has the burden of proving the following elements by a preponderance of the evidence:

First, the assignment of out of class duties to Plaintiff was based on a factor other than the age of Fabian Massey;

Second, the assignment of out of class duties to Plaintiff was based on legitimate business interests of the defendant County of Los Angeles's business; and

27813

**PROPOSED JOINT JURY INSTRUCTIONS**

COLLINS + COLLINS LLP
790 E. Colorado Blvd., Suite 600,
Pasadena, CA 91101
T: (626) 243-1100

Third, the assignment of out of class duties to Plaintiff is reasonably related to achieving Defendant's policies related to workplace conduct.

If you find that the defendant County of Los Angeles has proved this defense, your verdict should be for the defendant County of Los Angeles.

## 14.    DAMAGES-BACK PAY-MITIGATION

If you find for the Plaintiff on the Plaintiff's age, race or retaliation discrimination claims, you must determine the Plaintiff's damages. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any loss of wages you find was caused by the discriminatory act of the defendant County of Los Angeles. You may award the following:

Back Pay:

• 1. Award: Back pay includes any back wages and employee benefits the plaintiff would have received from the date the defendant County of Los Angeles discharged the plaintiff Fabian Massey to the date of trial. The plaintiff Fabian Massey has the burden of proving both the existence and the amount of back pay by a preponderance of the evidence.

• 2. Mitigation of Back Pay Award: The plaintiff Fabian Massey has a duty to undertake reasonable measures to minimize his damages and the defendant County of Los Angeles is not required to compensate the plaintiff Fabian Massey for avoidable damages. Thus, your award of back pay should be reduced by the amount of damages that the plaintiff Fabian Massey actually avoided, or could have avoided, if he made reasonable efforts. The defendant County of Los Angeles has the burden of proving by a preponderance of the evidence that a reduction should be made and the amount by which the award should be reduced. Therefore:

• a. You must deduct any wages or other earnings that the defendant County of Los Angeles proved that the plaintiff Fabian Massey received from other employment from the date the defendant County of Los Angeles discharged the plaintiff Fabian

COLLINS + COLLINS LLP
790 E. Colorado Blvd., Suite 600,
Pasadena, CA 91101
T: (626) 243-1100

27813

18

**PROPOSED JOINT JURY INSTRUCTIONS**

Massey to the date of trial.

• b. If the defendant County of Los Angeles proves by a preponderance of the evidence either:

(i) that the plaintiff Fabian Massey unjustifiably failed to take a new job of like kind, status, and pay which was available to plaintiff Fabian Massey, or

(ii) that the plaintiff Fabian Massey failed to make reasonable efforts to find such new job; you must subtract from the back pay award the amount of money you find that the plaintiff Fabian Massey could have earned from the time the plaintiff Fabian Massey could have obtained such new job or should have obtained from such new job, had he made reasonable efforts to find such new job to the date of trial.

**15.   CIVIL RIGHTS—TITLE VII—DISPARATE TREATMENT —WITH AFFIRMATIVE DEFENSE OF 'SAME DECISION'**

For the Plaintiff's claim that he suffered an adverse employment action from defendant County of Los Angeles because of the Plaintiff's race, the Plaintiff has the burden of proving the following elements by a preponderance of the evidence:

First, that the Defendant County of Los Angeles gave the Plaintiff an out of job classification duties assignment.

Second, that one motivation for Defendant County of Los Angeles to give the Plaintiff the assignment outside the duties of his job classification was due to Plaintiff's race (Black).

Third, the plaintiff was qualified for his position;

Fourth, similarly situated individuals outside the Plaintiff's race were treated more favorably.

The Defendant County of Los Angeles has the burden of proving by a preponderance of the evidence both that the Defendant County's decision to assign Plaintiff duties outside of Plaintiff's job classification Plaintiff was motivated by a lawful reason and that the Defendant County would have made the same decision to assign the

COLLINS + COLLINS LLP
790 E. Colorado Blvd., Suite 600,
Pasadena, CA 91101
T: (626) 243-1100

*27813*

19

**PROPOSED JOINT JURY INSTRUCTIONS**

duties outside of Plaintiff's job classification even if the Plaintiff's race had played no role in the Defendant County's decision to assign Plaintiff duties outside of Plaintiff's job classification.

## 16. DISPARATE TREATMENT—ESSENTIAL FACTUAL ELEMENTS (GOV. CODE, § 12940(A))

Plaintiff claims that Defendant County of Los Angeles wrongfully discriminated against him. To establish this claim, Plaintiff must prove all of the following:

1. That Defendant County of Los Angeles was an employer;

2. That Plaintiff was an employee of Defendant County of Los Angeles;

3. That Defendant County of Los Angeles discharged Plaintiff;

4. That Plaintiff's race (Black) was a substantial motivating reason for Defendant County of Los Angeles's decision to discharge Plaintiff;

5. That Plaintiff was harmed; and

6. That Defendant County of Los Angeles' conduct was a substantial factor in causing Plaintiff's harm.

## 17. CIVIL RIGHTS-TITLE VII-"ADVERSE EMPLOYMENT ACTION" IN RETALIATION CASES

An action is an adverse employment action if a reasonable employee would have found the action materially adverse, which means it might have dissuaded a reasonable worker from making or supporting a charge of discrimination.

## 18. CIVIL RIGHTS-TITLE VII-RETALIATION-ELEMENTS AND BURDEN OF PROOF

The Plaintiff seeks damages against the Defendant County of Los Angeles for retaliation. The Plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

First, the Plaintiff participated in an activity protected under federal law, that is

27813

**PROPOSED JOINT JURY INSTRUCTIONS**

COLLINS + COLLINS LLP
790 E. Colorado Blvd., Suite 600,
Pasadena, CA 91101
T: (626) 243-1100

Plaintiff made a complaint regarding race and/or age discrimination; and

Second, the employer subjected the Plaintiff to an adverse employment action, that is Plaintiff was discharged from employment; and

Third, the Plaintiff was subjected to the adverse employment action because of his participation in a protected activity.

A plaintiff is "subjected to an adverse employment action" because of his participation in a protected activity if the adverse employment action would not have occurred but for that participation.

If you find that the Plaintiff has proved all three of these elements, your verdict should be for the Plaintiff. If, on the other hand, the Plaintiff has failed to prove any of these elements, your verdict should be for the Defendant County of Los Angeles

### 19.    "HARASSING CONDUCT" EXPLAINED

Harassing conduct may include, but is not limited to, any of the following:

Verbal harassment, such as obscene language, demeaning comments, slurs, or racial epithets.

### 20.    "SEVERE OR PERVASIVE" EXPLAINED

"Severe or pervasive" means conduct that alters the conditions of employment and creates a work environment that is hostile, intimidating, offensive, oppressive, or abusive. In determining whether the conduct was severe or pervasive, you should consider all the circumstances, including any or all of the following: (a) The nature of the conduct; (b) How often, and over what period of time, the conduct occurred; (c) The circumstances under which the conduct occurred; (d) Whether the conduct was physically threatening or humiliating. Plaintiff does not have to prove that his productivity has declined. It is sufficient to prove that a reasonable person who was subjected to the harassing conduct would find that the conduct so altered working conditions as to make it more difficult to do the job. A single incident can be sufficiently severe or pervasive to constitute harassment.

*27813*

COLLINS + COLLINS LLP
790 E. Colorado Blvd., Suite 600,
Pasadena, CA 91101
T: (626) 243-1100

**PROPOSED JOINT JURY INSTRUCTIONS**

**21. FAILURE TO PREVENT HARASSMENT, DISCRIMINATION, OR RETALIATION—ESSENTIAL FACTUAL ELEMENTS—EMPLOYER OR ENTITY DEFENDANT**

Plaintiff claims that Defendant County of Los Angeles failed to take all reasonable steps to prevent harassment, discrimination and/or retaliation based on age and/or race. To establish this claim, Plaintiff must prove all of the following:

1. That Plaintiff was an employee of Defendant County of Los Angeles;

2. That Plaintiff was subjected to harassment, discrimination, and/or retaliation in the course of employment;

3. That Defendant County of Los Angeles failed to take all reasonable steps to prevent the harassment, discrimination, and/or retaliation;

4. That Plaintiff was harmed; and

5. That Defendant County of Los Angeles' failure to take all reasonable steps to prevent harassment, discrimination, and/or retaliation was a substantial factor in causing Plaintiff's harm.

**22. WORK ENVIRONMENT HARASSMENT—CONDUCT DIRECTED AT PLAINTIFF—ESSENTIAL FACTUAL ELEMENTS—EMPLOYER OR ENTITY DEFENDANT (GOV. CODE, §§ 12923, 12940(J))**

Plaintiff claims that he was subjected to harassment based on his race and age at Defendant County of Los Angeles and that this harassment created a work environment that was hostile, intimidating, offensive, oppressive, or abusive.

To establish this claim, Plaintiff must prove all of the following:

1. That Plaintiff was an employee of Defendant County of Los Angeles;

2. That Plaintiff was subjected to harassing conduct based on his race and/or age;

3. That the harassing conduct was severe or pervasive;

27813

**COLLINS + COLLINS** LLP
790 E. Colorado Blvd., Suite 600,
Pasadena, CA 91101
T: (626) 243-1100

**PROPOSED JOINT JURY INSTRUCTIONS**

4. That a reasonable Black person and/or person over the age of 40, in Plaintiff's circumstances would have considered the work environment to be hostile, intimidating, offensive, oppressive, or abusive;

5. That Plaintiff considered the work environment to be hostile, intimidating, offensive, oppressive, or abusive;

6. That a supervisor engaged in the conduct;

7. That Plaintiff was harmed; and

8. That the conduct was a substantial factor in causing Plaintiff's harm.

**23. WORK ENVIRONMENT HARASSMENT—CONDUCT DIRECTED AT PLAINTIFF—ESSENTIAL FACTUAL ELEMENTS—INDIVIDUAL DEFENDANT (GOV. CODE, §§ 12923, 12940(J))**

Plaintiff claims that Defendant James Robinson subjected him to harassment based on race and/or age at Defendant County of Los Angeles and that this harassment created a work environment that was hostile, intimidating, offensive, oppressive, or abusive.

To establish this claim, Plaintiff] must prove all of the following:

1. That Plaintiff was an employee of Defendant County of Los Angeles;

2. That Defendant James Robinson was an employee of Defendant County of Los Angeles;

3. That Plaintiff was subjected to harassing conduct based on his race and/or age;

4. That the harassing conduct was severe or pervasive;

5. That a reasonable a reasonable Black person and/or person over the age of 40 in Plaintiff's circumstances would have considered the work environment to be hostile, intimidating, offensive, oppressive, or abusive;

6. That Plaintiff considered the work environment to be hostile, intimidating, offensive, oppressive, or abusive;

*27813*

**PROPOSED JOINT JURY INSTRUCTIONS**

**COLLINS + COLLINS** LLP
790 E. Colorado Blvd., Suite 600,
Pasadena, CA 91101
T: (626) 243-1100

7. That Defendant James Robinson participated in the harassing conduct;

8. That Plaintiff was harmed; and

9. That the conduct was a substantial factor in causing Plaintiff's harm.

## 24.   WHISTLEBLOWER PROTECTION-ESSENTIAL FACTUAL ELEMANTS (LABOR CODE 1102.5)

Plaintiff Fabian Massey claims that defendant County of Los Angeles discharged him in retaliation for disclosure of information concerning an unlawful act. To establish this claim, Plaintiff Fabian Massey must prove all of the following are more likely true than not true:

1. That defendant County of Los Angeles was Plaintiff's employer;

2. That Plaintiff disclosed to County, a payroll discrepancy concerning timecards;

3. That Plaintiff had reasonable cause to believe that the information disclosed a violation of a state statute;

4. That Defendant County of Los Angeles discharged Plaintiff;

5. That Plaintiff's disclosure of information was a contributing factor in Defendant County of Los Angeles' decision to discharge Plaintiff;

6. That Plaintiff was harmed; and

7. That Defendant County of Los Angeles' conduct was a substantial factor in causing Plaintiff's harm.

A "contributing factor" is any factor, which alone or in connection with other factors, tends to affect the outcome of a decision. A contributing factor can be proved even when other legitimate factors also contributed to the employer's decision.

The disclosure of policies that an employee believes to be merely unwise, wasteful, gross misconduct, or the like, is not protected. Instead, plaintiff Fabian Massey must have reasonably believed that defendant County of Los Angeles' policies

27813

**PROPOSED JOINT JURY INSTRUCTIONS**

COLLINS + COLLINS LLP
790 E. Colorado Blvd., Suite 600,
Pasadena, CA 91101
T: (626) 243-1100

violated federal, state, or local statutes, rules, or regulations.

It is not plaintiff Fabian Massey's motivation for his disclosure, but only the content of that disclosure, that determines whether the disclosure is protected.

A disclosure is protected even though disclosing the information may be part of plaintiff Fabian Massey's job duties. A disclosure is protected even though the agency/employer already knew about the information disclosed.

**25.    DAMAGES—PROOF AND MEASURES OF TYPES OF DAMAGES**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the Plaintiff, you must determine the Plaintiff's damages. The Plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant.

In determining the measure of damages, you should consider the following:

- The nature and extent of the injuries;
- The mental and emotional pain and suffering experienced and that with reasonably probability will be experienced in the future;
- The reasonable value of wages lost up to the present time; and
- The reasonable value of wages that with reasonable probability will be lost in the future

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**26.    DAMAGES—MITIGATION**

The plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

COLLINS + COLLINS LLP
790 E. Colorado Blvd., Suite 600,
Pasadena, CA 91101
T: (626) 243-1100

27813

25

**PROPOSED JOINT JURY INSTRUCTIONS**

The defendant has the burden of proving by a preponderance of the evidence:

First, that the plaintiff failed to use reasonable efforts to mitigate damages; and

Second, the amount by which damages would have been mitigated.

## 27.   DAMAGES ARISING IN THE FUTURE—DISCOUNT TO PRESENT CASH VALUE

Any award for future economic damages must be for the present cash value of those damages.]

[Noneconomic damages [such as [pain and suffering] [disability] [disfigurement] [and] [*specify other noneconomic damages*]] are not reduced to present cash value.]

Present cash value means the sum of money needed now, which, when invested at a reasonable rate of return, will pay future damages at the times and in the amounts that you find the damages [will be incurred] [or] [would have been received].

The rate of return to be applied in determining present cash value should be the interest that can reasonably be expected from safe investments that can be made by a person of ordinary prudence, who has ordinary financial experience and skill. [You should also consider decreases in the value of money that may be caused by future inflation.]

## 28.   PUNITIVE DAMAGES INDIVIDUAL DEFENDANT—Trial Not Bifurcated

If you decide that [name of defendant]'s conduct caused [name of plaintiff] harm, you must decide whether that conduct justifies an award of punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiff and to discourage similar conduct in the future.

You may award punitive damages only if [name of plaintiff] proves by clear and convincing evidence that [name of defendant] engaged in that conduct with malice, oppression, or fraud.

*27813*

**PROPOSED JOINT JURY INSTRUCTIONS**

COLLINS + COLLINS LLP
790 E. Colorado Blvd., Suite 600,
Pasadena, CA 91101
T: (626) 243-1100

"Malice" means that [name of defendant] acted with intent to cause injury or that [name of defendant]'s conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A person acts with knowing disregard when the person is aware of the probable dangerous consequences of the person's conduct and deliberately fails to avoid those consequences.

"Oppression" means that [name of defendant]'s conduct was despicable and subjected [name of plaintiff] to cruel and unjust hardship in knowing disregard of [his/her/nonbinary pronoun] rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that [name of defendant] intentionally misrepresented or concealed a material fact and did so intending to harm [name of plaintiff].

There is no fixed formula for determining the amount of punitive damages, and you are not required to award any punitive damages. If you decide to award punitive damages, you should consider all of the following factors in determining the amount:

(a) How reprehensible was [name of defendant]'s conduct? In deciding how reprehensible [name of defendant]'s conduct was, you may consider, among other factors:

1. Whether the conduct caused physical harm;

2. Whether Defendant James Robinson disregarded the health or safety of others;

3. Whether Plaintiff was financially weak or vulnerable and Defendant James Robinson knew Plaintiff was financially weak or vulnerable and took advantage of him;

4. Whether Defendant James Robinson's conduct involved a pattern or practice; and

5. Whether Defendant James Robinson acted with trickery or deceit.

COLLINS + COLLINS LLP
790 E. Colorado Blvd., Suite 600,
Pasadena, CA 91101
T: (626) 243-1100

27813

27

**PROPOSED JOINT JURY INSTRUCTIONS**

(b) Is there a reasonable relationship between the amount of punitive damages and Plaintiff's harm that Defendant James Robinson knew was likely to occur because of his conduct?

(c) In view of Defendant James Robinson's financial condition, what amount is necessary to punish him and discourage future wrongful conduct? You may not increase the punitive award above an amount that is otherwise appropriate merely because Defendant James Robinson has substantial financial resources. Any award you impose may not exceed Defendant James Robinson's ability to pay.]

Punitive damages may not be used to punish Defendant James Robinson for the impact of his alleged misconduct on persons other than Plaintiff.

## 29.   RETURN OF VERDICT

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

## 30.   POST-DISCHARGE INSTRUCTION

Now that the case has been concluded, some of you may have questions about the confidentiality of the proceedings. Now that the case is over, you are free to discuss it with any person you choose. By the same token, however, I would advise you that you are under no obligation whatsoever to discuss this case with any person.

If you do decide to discuss the case with anyone, I would suggest you treat it with a degree of solemnity in that whatever you do decide to say, you would be willing to say in the presence of the other jurors or under oath here in open court in the presence of all the parties.

Finally, always bear in mind that if you do decide to discuss this case, the other jurors fully and freely stated their opinions with the understanding they were being expressed in confidence. Please respect the privacy of the views of the other jurors.

*27813*

**PROPOSED JOINT JURY INSTRUCTIONS**

**COLLINS + COLLINS** LLP
790 E. Colorado Blvd., Suite 600,
Pasadena, CA 91101
T: (626) 243-1100

Finally, if you would prefer not to discuss the case with anyone, but are feeling undue pressure to do so, please feel free to contact the courtroom deputy, who will notify me, and I will assist.

DATED:  August 5, 2026                    COLLINS + COLLINS LLP

By: _____
ANDREW M. MEDINA
TOMAS A. GUTERRES
MEGAN K. LIEBER
Attorneys for Defendants,
COUNTY OF LOS ANGELES and
JAMES ROBINSON

DATED: August 5, 2026                    LAW OFFICE OF FRANKLIN L. FERGUSON, JR.

*/s/ Franklin L. Ferguson, Jr.*
By: _____
FRANKLIN L. FERGUSON, JR.
Attorneys for Plaintiff,
FABIAN MASSEY

27813

COLLINS + COLLINS LLP
790 E. Colorado Blvd., Suite 600,
Pasadena, CA 91101
T: (626) 243-1100

29

**PROPOSED JOINT JURY INSTRUCTIONS**

**PROOF OF SERVICE**
**(CCP §§ 1013(a) and 2015.5; FRCP 5)**

State of California,                     )
                                         )   ss.
County of Los Angeles.                   )

I am employed in the County of Los Angeles.  I am over the age of 18 and not a party to the within action. My business address is 790 E. Colorado Boulevard, Suite 600, Pasadena, CA 91101.

On this date, I served the foregoing document described as **PROPOSED JOINT JURY INSTRUCTIONS** on the interested parties in this action by placing same in a sealed envelope, addressed as follows:

**SEE ATTACHED SERVICE LIST**

☐ **(BY MAIL)** - I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail in Pasadena, California to be served on the parties as indicated on the attached service list.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Pasadena, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **(BY CERTIFIED MAIL)** – I caused such envelope(s) with postage thereon fully prepaid via Certified Mail Return Receipt Requested to be placed in the United States Mail in Pasadena, California.

☐ **FEDERAL EXPRESS** - I caused the envelope to be delivered to an authorized courier or driver authorized to receive documents with delivery fees provided for.

☐ **(BY ELECTRONIC FILING AND/OR SERVICE)** – I served a true copy, with all exhibits, electronically on designated recipients listed on the attached service list.

☒ **(ELECTRONIC SERVICE PER CODE CIV. PROC., § 1010.6)** – By prior consent or request or as required by rules of court (Code Civ. Proc., § 1010.6 (amended Jan. 1, 2021); Code Civ. Proc., § 1013(g); Cal. Rules of Court, rule 2.251(a)).

☐ **(BY PERSONAL SERVICE)** - I caused such envelope(s) to be delivered by hand to the office(s) of the addressee(s).

Executed on **August 5, 2026**  at Pasadena**,** California.

☐ **(STATE)** - I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ **(FEDERAL)** - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

-----------------------------------------------------------------------------------------
Evelyn Greve
egreve@ccllp.law

*27813*

**COLLINS + COLLINS** LLP
790 E. Colorado Blvd., Suite 600,
Pasadena, CA 91101
T: (626) 243-1100

30

**PROPOSED JOINT JURY INSTRUCTIONS**

**FABIAN MASSEY V. COUNTY OF LOS ANGELES**
**Case Number: 2:25-cv-04304-SB-KLSx**
**CCLLP File Number: 27813**

<u>**SERVICE LIST**</u>

Franklin L. Ferguson, Jr.
LAW OFFICE OF FRANKLIN L. FERGUSON, JR.
3580 Wilshire Blvd., Suite 1732
Los Angeles, CA 90010
T: (323) 936-4375 - F: (323) 679-1064
franklin@franklinferguson.com
**ATTORNEY FOR PLAINTIFF**
**FABIAN MASSEY**

Douglas M. Reid
REID LAW FIRM, INC.
9461 Charleville Boulevard, #228
Beverly Hills, CA 90212
T: (310) 403-5240
doug@reidlawfirm.law
**ATTORNEY FOR PLAINTIFF,**
**FABIAN MASSEY**

*27813*

**COLLINS + COLLINS**LLP
790 E. Colorado Blvd., Suite 600,
Pasadena, CA 91101
T: (626) 243-1100

31

**PROPOSED JOINT JURY INSTRUCTIONS**