DAWYN R. HARRISON, County Counsel
MARIA TUASON, Deputy County Counsel
(SBN 256397) • *mtuason@counsel.lacounty.gov*
NAOMI HAN, Deputy County Counsel
(SBN 315728) • *nhan@counsel.lacounty.gov*
OFFICE OF THE COUNTY COUNSEL
648 Kenneth Hahn Hall of Administration
500 West Temple Street
Los Angeles, California 90012-2713
Telephone: (213) 232-5415 Fax: (213) 633-1915

Attorneys for SYLVIA MARKS-
BARNETT, Hearing Officer for the
Civil Service Commission of the County
of Los Angeles

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| FABIAN MASSEY,<br><br>       Plaintiff,<br><br>   v.<br><br>LOS ANGELES COUNTY, a local public entity; JAMES ROBINSON, an individual; SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 721, a corporation doing business in California; and DOES 1-10, inclusive,<br><br>       Defendants. | CASE NO. 2:25-CV-04304-SB-KLSx<br><br>*[Assigned to Hon. Stanley Blumenfeld, Jr. in Dept. 6C ]*<br><br>**NON-PARTY SYLVIA MARKS-BARNETT'S REPLY TO MOTION TO QUASH THE SUBPOENA TO APPEAR AND TESTIFY AT A HEARING OR TRIAL IN A CIVIL ACTION**<br><br>Complaint Filed:  5/13/2025<br>Trial Date:       8/6/2026 |

Non-Party Sylvia Marks-Barnett hereby submits a Reply brief in support of its Motion to Quash the Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action.

HOA.106064112.1

Motion to Quash

2:25-CV-04304-SB-KLSx

## I. THE CIVIL SERVICE COMMISSION IS AN INDEPENDENT BODY FROM THE COUNTY OF LOS ANGELES.

The Civil Service Commission of the County of Los Angeles (Civil Service Commission)is a charter agency exercising quasi-judicial powers delegated by the county charter. (Charter, art. IX, § 34, subd. (13).) California courts have recognized it to have an autonomous stature distinct from the county's corporate identity. (*Dep't of Health Servs. v. Kennedy,* 163 Cal. App. 3d 799, 209 Cal. Rptr. 595 (1984).

Plaintiff's arguments that the Civil Service Commission is "the same" as the County of Los Angeles is baseless and without merit. First, the Civil Service Commission serves as the administrative appeals body for the County for major disciplinary actions filed by County employees within the Civil Service System. The Civil Service Commission **_only_** reviews discipline when it is appealed by a County employee. There is no requirement for the Civil Service Commission to affirm discipline unless it is appealed by an employee. Further, the Civil Service Commission's independent and autonomous status is evidenced by the composition of its five-panel members. Each of its members is a non-County employee appointment of Board of Supervisors. (L.A. Cnty. Charter art. IX, § 31, 2002.) Similarly, the hearing officers of the Civil Service Commission are independent of the County and not County employees.

There is simply no merit to plaintiff's argument that the Civil Service Commission is "the same" as the County of Los Angeles.

## II. SEEKING THE TESTIMONY OF MS. MARKS-BARNETT BASED ON ALLEGATIONS OF BIAS IS IMPROPER.

Per this party's moving papers, the deliberative-process privilege precludes seeking the testimony of Ms. Marks-Barnett because the deliberative process privilege protects her mental processes in formulating her decision on the appeal or inquiring into the reasons that motivated her in discharging her duties as a hearing officer. (*United States v. Morgan*, 313 U.S. 409 (1941). This includes precluding

HOA.106064112.1

Motion to Ouash                                    -2-                    2:25-CV-04304-SB-KLSx

seeking testimony into her mental and analytical processes about any bias that lead to her ruling. Allowing plaintiff to examine her in this court about alleged bias would undermine the integrity and finality of judicial proceedings.

As opposed to this current employment lawsuit in the federal court, Ms. Marks-Barnett adjudicated plaintiff's administrative appeal before the Civil Service Commission. If plaintiff had concerns about Ms. Marks-Barnett's bias, he could have raised this in a formal objection to preclude Ms. Marks-Barnett as a hearing officer with the Civil Service Commission or he could have filed a motion to disqualify her prior or during the proceeding based on an allegation of prejudice. Challenging Ms. Marks-Barnett's decision or alleged bias cannot is improper by having her testify in this forum.

**III. <u>ANY PROBATIVE VALUE OF MS. MARKS-BARNETT'S TESTIMONY IS SUBSTANTIALLY OUTWEIGHED BY THE DANGER OF UNDUE PREJUDICE, CONFUSION, OF THE ISSUES AND WASTE OF TIME.</u>**

Federal Rules of Evidence Rule 403 provides that evidence may be excluded if it's probative value is substantially outweighed by the danger of undue prejudice, confusion of issues, misleading of the jury, or by consideration of waste of time.

The moving party agrees with the Court that Ms. Marks-Barnett's testimony is irrelevant, not germane to the causes of action in this case and would take the job of the jury in determining credibility. Ms. Marks-Barnett's testimony would confuse the jury on the issues of the case because the plaintiff seeks to have her testify on her findings of credibility of the witnesses during the Civil Service Commission hearings. However, the court noted that this would be a job for the jury. Having Ms. Marks-Barnett testify would mislead the jury on their role as jurors and would be a waste of time.

Based on the foregoing, this moving party respectfully moves the court to grant its motion to quash.

HOA.106064112.1

2:25-CV-04304-SB-KLSx

Motion to Quash                                      -3-

DATED: August 7, 2026

Respectfully submitted,

DAWYN R. HARRISON
County Counsel

By  _____

MARIA TUASON
Deputy County Counsel

Attorneys for Sylvia Marks-Barnett, a Hearing Officer with the Civil Service Commission